Vincent A. CIANCI, Jr., Plaintiff,

v.

NEW TIMES PUBLISHING COMPANY, New Times Communications Corp., MCA, Inc., George A. Hirsch, Jonathan Z. Larsen and Craig Waters, Defendants.

No. 79 Civ. 0828 (CBM).

United States District Court,
S. D. New York.

Oct. 31, 1980.

DeSimone & DelSesto, P. C., by Herbert F. DeSimone, Providence, R. I., for plaintiff.

Satterlee & Stephens by James F. Rittinger, George Mahoney, New York City, for defendants.

Edwards & Angell by David M. Olasov, New York City, for third party applicant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff and defendants were ordered, upon the application of the Providence Journal Company (the Journal), not a party to the underlying action, to show cause why this court should not enter an order vacating its protective orders issued on May 23, 1979, and October 30, 1979, in connection with discovery in this case, and directing the unsealing of the deposition of plaintiff, Vincent A. Cianci, Jr. and his answers to defendants' requests to admit. For the reasons discussed below, the Journal's request is granted.

### I. *Background*

The action underlying the order to show cause was brought by Cianci, Mayor of Providence, Rhode Island, alleging that defendants committed libel by printing an article in the now defunct *New Times Magazine*, entitled, "Buddy We Hardly New Ya." The article described accusations by a woman that in March, 1966, Cianci, while a law student, raped her at gunpoint and thereafter paid $3000 in settlement of her claims. After the deposition of Cianci was noticed by defendants, Cianci moved for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, sealing all depositions in the action and prohibiting disclosure of information contained therein to persons not directly interested in the action.

On May 18, 1979, this court heard argument on Cianci's motion. Plaintiff argued that the protective order was necessary to protect plaintiff from improper publication and misuse of the information developed during the deposition and from further libelling of plaintiff. During the lengthy argument, counsel for defendants argued, as she had in her responsive papers, that the order was unnecessary since defendants were no longer in the business of publishing magazines. She also argued that such a protective order could only be issued for good cause shown. (See transcript of May 18, 1979). The court issued the requested protective order on May 23, 1979 after finding good cause. (*Id.*)

Defendants then filed in the Court of Appeals a petition for writ of mandamus to vacate the order, which was denied on July 19, 1979.

On October 30, 1979, a stipulation of the parties and an order of this was entered which sealed Cianci's Response to Notice to Admit and Request for Admissions.

On December 13, 1979, this court dismissed Cianci's complaint on the ground that the allegedly defamatory article was constitutionally protected as a matter of law. *Cianci v. New Times Publishing Co.*, 486 F.Supp. 368 (S.D.N.Y.1979). Cianci appealed this decision and the Court of Appeals reversed and remanded the action for trial. *Cianci v. New Times Publishing Co.*, 639 F.2d 54 (2d Cir. 1980). Defendants' petition for rehearing was denied October 27, 1980.

The Journal initially filed in the Court of Appeals on October 12, 1980, a petition for writ of mandamus directing this court to unseal the protective orders. No application for such unsealing had ever been made to this court. The Journal claimed in a footnote in its petition for the writ that this court lacked jurisdiction to hear its application since the appeal from this court's order of dismissal was still before the Court of Appeals, no action having been taken on defendant's petition for rehearing. On October 24, the Court of Appeals denied the petition "without prejudice to petitioner's filing an application for similar relief in the district court, leave to make which is hereby

granted." It is pursuant to this order that this court now considers the Journal's petition, notwithstanding plaintiff's argument that this court lacks jurisdiction, the Second Circuit's mandate not having reached this court after denial of rehearing. In this connection it should be noted that this court's orders sealing depositions and answers to interrogatories were not appealed and not raised on appeal.

## II. *Discussion*

The Journal inaccurately defines the constitutional question raised by its petition as whether the protective orders constitute an impermissible prior restraint on First Amendment rights. The issue is not whether the orders unconstitutionally restrain New Times Publishing Company, or any other newsmedia, from printing or broadcasting information which it has in its possession. As mentioned above, the issue of prior restraint on the press has never been properly before this court since New Times Magazine was defunct and not publishing at the time of the issuance of the protective orders. Moreover, defendants stated that they had no intention of publishing the contents of the discovery materials. (See Transcript of May 18, 1979 at 17.) Rather, the critical question presently before the court is whether the Journal has a constitutionally protected right of access to the deposition and answers. This question was not before the court when it considered Cianci's motion for a protective order since no party at that time sought access to the deposition and answers.

The Supreme Court has recognized that newsgathering by the press warrants some measure of First Amendment protection. "[W]ithout some protection for seeking out the news, freedom of press could be eviscerated." *Branzburg v. Hayes*, 408 U.S. 665, 681, 92 S.Ct. 2646, 2656, 33 L.Ed.2d 626 (1972). However, the Court has also made it clear that this newsgathering right is not unlimited. "The right to speak and publish does not carry with it the unrestrained right to gather information." *Zemel v. Rusk*, 381 U.S. 1, 17, 85 S.Ct. 1271, 1281, 14 L.Ed.2d 179 (1965). The press' First Amendment right of access to news sources has been defined as coextensive with the right of the general public to learn information. "The Constitution does not ... require government to accord the press special access to information not shared by members of the public generally." *Pell v. Procunier*, 417 U.S. 817, 834, 94 S.Ct. 2800, 2810, 41 L.Ed.2d 495 (1974). *Accord Branzburg v. Hayes, supra; Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). On the other hand, the Court held in *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), that the press cannot be denied access to information contained in court records that are open to the public.

In accordance with these Supreme Court guidelines, courts have held that protective orders which prevent the press from inspecting exhibits not yet admitted into evidence, transcripts of bench conferences held *in camera*, and depositions and other pretrial discovery materials not part of the public record are not unconstitutional since the press has no First Amendment right of access to these matters. *U. S. v. Gurney*, 558 F.2d 1202 (5th Cir. 1977); *Times Newspapers Ltd. (of Great Britain) v. McDonnell Douglas Corp.*, 387 F.Supp. 189 (C.D.Cal. 1974). Thus, when this court entered the protective orders in May and October, 1979, there was no problem of infringing the press' newsgathering rights since the documents sealed were not yet part of the public record.

The issue is now before this court in a different light. The documents in question have subsequently been used by the parties in their arguments relating to defendants' motion to dismiss and have been considered by both this court and the Court of Appeals in deciding the merits of the motion. This court referred to the pretrial discovery materials in its opinion, stating,

"Cianci has conceded the basic accuracy of many of the facts in the article—either during the course of his deposition or in response to defendants' Notice to Admit. The parties have stipulated that Cianci's

response to the Notice to Admit would be sealed; however, the parties were not prevented from making any appropriate use of or reference to any portion of the response in connection with the present motion and other proceedings before the court."

*Cianci v. New Times Publishing Co.*, 486 F.Supp. 368, 370 (S.D.N.Y.1979). Similarly, the Court of Appeals stated in its opinion,

> "Cianci admitted that he invited Redick to his room on the evening of March 2, 1966, and that she remained there for several hours, but denied all the pejorative elements of her story—administration of a drugged drink, threats of any kind, taking her to bed, or the conduct of sexual intercourse. He admitted having had intercourse in the room with other women, possibly including an instance the previous night."

*Cianci v. New Times Publishing Co.*, 639 F.2d 54 at 58 n. 7 (2d Cir. 1980).

Because of this use of the deposition and response of Cianci, the court now holds that these documents have become part of the public record since the issuance of the protective orders, and that the press may not be denied access to them. Therefore, this court's protective orders of May 23, 1979, and October 30, 1979, are hereby vacated with respect to Cianci's deposition and response to defendants' Notice to Admit, and these papers are hereby ordered unsealed.

So ordered.